## J. W. WINKFIELD v. G. L. BRINKMAN, *et al.*

PURCHASER OF REAL ESTATE, *When a Trustee of True Owner.* Where one party has acquired the legal title to real estate, to which another has a better right, a court of equity will convert him, or any purchaser from him with notice, into a trustee of the true owner, and compel him to convey the legal title; and *held,* that the petition herein states a cause of action within this rule.

### *Error from Barton District Court.*

ACTION brought by *J. W. Winkfield* against *G. L. Brinkman* and *Alice P. Brinkman,* to enforce a trust. At the September Term, 1878, of the district court, the defendants' general demurrer to the petition was sustained, of which ruling *Winkfield* complains, and brings the case here. The facts are sufficiently stated in the opinion.

*Clayton & Clayton,* for plaintiff in error.

*A. A. Hurd,* for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This was an action to enforce a trust. A demurrer to the petition was sustained, and this is the ruling complained of. The doctrine declared in *Stark v. Starrs,* 6 Wall. 419, "that where one party has acquired the legal title to property to which another has a better right, a court of equity will convert him into a trustee of the true owner, and compel him to convey the legal title," and approved by

this court in *Moody v. Arthur*, 16 Kas. 428, is not questioned by either party; but the contention of counsel for defendant in error is, that the allegations of the petition do not bring the case within that rule.

The substance of plaintiff's claim is, that he was a partner with one D. R. Smith, doing business in, and an occupant of, the town site of Great Bend, at the time the same was entered for the benefit of the occupants; that the title to the lots belonging to them as occupants was conveyed to Smith alone, and by him to defendants, who purchased with knowledge of plaintiff's rights. The specific objections are, that the petition counts really upon a written contract between the Great Bend town company and the occupants of the town site, and seeks to base an express trust thereon; that there is no direct allegation that the town site was ever public lands, and entered for the benefit of the occupants; and that there is no averment that plaintiff was an occupant at the time of any such entry.

So far as the first objection is concerned, we do not agree with counsel in his view of the petition. The pleader is not counting upon the contract as the basis of an express trust, but alleges that as a fact showing in what manner the interests of the various occupants of the town site were ascertained and adjusted. The act of congress provides that the entry shall be made "in trust for the several use and benefit of the occupants thereof," and leaves the execution of the trust to the state. If, after the entry, all the parties in interest agree upon the apportionment, such agreement will be binding, although the apportionment is to be made in a manner and by agencies and officers different from those provided for in the state statutes. Indeed, the state statute seems a little blind or deficient as to what is the proper manner and machinery in case the entry is made by the corporate authorities. (*Allen v. Houston*, 21 Kas. 194.) This contract, made between the actual occupants and the town company, provided for the apportionment, as well as other matters, and the pleader states it and the result of the apportionment, so as to show

the equity of the occupants, as well as the legal title to the specific lots.

This contract, which is made a part of the petition, is signed by defendant G. L. Brinkman, as well as by the firm of Smith & Winkfield; and construing the admissions and statements of this contract in connection with the averments of the petition, (*Budd v. Kramer*, 14 Kas. 101,) we think the other objections must also be overruled. We agree with the counsel for the defendant in error, that the petition lacks that which it ought to have — direct, definite and affirmative allegations in respect to the matters suggested in these objections; but the defect is rather a want of definiteness and precision, than a total failure respecting them, and is to be cured by motion rather than by demurrer. It alleges the partnership — a partnership existing before, after, and on the day which by the recitals in the contract was the day on which the entry was made, the ownership of the improvements on certain-named lots, and that by virtue of such ownership they became and were entitled to participate equally in the benefits of the contract heretofore mentioned, and the firm-name is signed to the contract. Of course, it will not be questioned but that if equitably they as occupants were jointly entitled to certain lots, and the legal title was conveyed to either without the knowledge or consent of the other, he held the legal title to the undivided half in trust for such other, and such trust could be enforced against him or any one taking the title from him with notice.

The judgment will be reversed, and the case remanded with instructions to overrule the demurrer.

All the Justices concurring.