PARK B. PULSIFER v. THOMAS ARBUTHNOT *et al.*

No. 10649.

1. PAROL EVIDENCE INADMISSIBLE—*to prove order of court authorizing receiver to compromise claim.* Parol evidence is inadmissible in a collateral action to prove the rendition of a judgment or the making of an order by a court of record.

2. TRANSACTIONS WITH DECEASED—*trustee receiving assets from receiver not "assignee" within provision making party incompetent witness as to.* When a receiver in obedience to an order of court turns over the residuary assets of the receivership to a trustee for the interested parties, such trustee does not become an assignee within the meaning of section 333 of the Civil Code, General Statutes of 1897; and the subsequent death of the receiver does not disqualify a party from testifying as a witness in his own behalf, and against the trustee, as to transactions had personally with the receiver, during his lifetime, concerning the transferred assets.

Error from Republic District Court. F. W. Sturges, Judge. Opinion filed May 7, 1898. *Reversed.*

*Pulsifer & Alexander*, for plaintiff in error.
*B. T. Bullen*, for defendants in error.

DOSTER, C. J. The defendants in error were indebted, upon promissory notes, to the Cuba State Bank. The bank became insolvent, and was placed in the hands of one Chauncey Perry as receiver. The

receivership was closed, and the receiver ordered to turn over some residuary assets of the bank to the plaintiff in error as a trustee.  Among these assets were the notes of the defendants in error.  Suit was brought upon them.  The action was defended upon the ground that an accord and satisfaction had been had with Perry, the receiver, by the terms of which certain real estate was conveyed and certain shares of corporate stock were assigned in payment of the notes.  A trial was had and a verdict returned and a judgment rendered for defendants, from which judgment plaintiff prosecutes error to this court.

There was no record in the receivership case of any order allowing the receiver to make the compromise of indebtedness pleaded by defendants.  A witness, however, was allowed to testify to the making of such an order by the court, and this is assigned as error.  It was error.  It is elementary law that judicial proceedings are only provable by the record.  The record entries of judgments are indispensable to furnish the evidence of their existence, when they are made the basis of claims or defenses in other suits.  1 Black on Judgments, § 106 ; *Jackson v. Latta*, 15 Kan. 223 ; *Porter v. Wells*, 6 id. 454.

1. Parol evidence inadmissible, when.

The court, in one of its instructions, submitted to the jury the question of fact, raised on the above stated evidence, whether authority had been conferred upon the receiver to effect compromises.  This, like the reception of the evidence, was error.  We are of the opinion that if the receiver had no authority to compromise with the defendants in error, but nevertheless did compromise with them, any money received by him by way of such compromise, and also the cash avails of any property received by him in a like way, should be credited on the obligations in

suit; but under section 267 of the Civil Code as contained in the General Statutes of 1897, the receiver had no authority to compromise without an order of court, and such order if made was provable only by the record.

One of the defendants testified upon the trial to the compromise transaction with the receiver. It appeared that Mr. Perry had since died, and the testimony was objected to as incompetent, under section 333 of the Civil Code (General Statutes 1897, ch. 95, § 333), upon the ground that Pulsifer, the plaintiff, was an assignee of the Bank's assets, from Perry, the deceased receiver. This objection is not tenable. In *National Bank v. Beard* (55 Kan. 773, 42 Pac. 320), it was held that neither an attachment creditor, nor the sheriff in an attachment sale, was an assignee of the attachment debtor under the statute in question; and, therefore, that a vendee of the deceased attachment debtor was not incompetent to testify to transactions had with him. The *raison d'etre* was expressed by Chief Justice Martin in a sentence of his opinion: "We think that the common acceptation of the word 'assignee' is limited to an assignee in fact, and does not comprehend an assignee by operation of law." Nor does it comprehend an assignee through the medium of the legal operation of an order of court, as in this case. There was therefore no error in the reception of the testimony in question.

There was error, however, in the reception of parol evidence to prove the making of the judicial order in question, and for this reason the judgment of the court below is reversed, with directions to grant a new trial of the case.

2. Trustee receiving assets from receiver not "assignee."