ARCH MILLER, *as Administrator, etc.*, v. C. C.
McDowELL.

**No. 12,169.**   (64 Pac. 980.)

SYLLABUS BY THE COURT.

1. EVIDENCE— *Transactions with Deceased Persons — Statute
Construed.* A father gave each of two sons a tract of land. On
one tract was a mortgage, and it is claimed that, in order to equal-
ize the gifts, it was agreed that each son should pay one-half of
this mortgage debt. Before the debt was paid the son whose
land was free from encumbrance died, and the other son brought
an action against the administrator of the estate of the deceased
son to recover one-half of the mortgage debt. The mother, who
had joined the father in the conveyance of the land to the sons,
became a witness and testified as to the agreement with reference
to the mortgage debt. *Held*, that she is not to be regarded as
an assignor of the thing in action, nor is she precluded from giv-
ing such testimony by any of the prohibitions of section 322 of
the civil code (Gen. Stat. 1901, § 4770).

2.  ———— *Incompetent Witness.* Under said section, the plaintiff
was incompetent to testify to an agreement made personally be.
tween himself and his deceased brother and their father, by which
the deceased brother undertook to pay one-half of the mortgage
debt upon the land conveyed to the plaintiff, and also as to tran-
sactions had personally with such deceased brother.

3.  ———— *Hearsay Testimony.* A statement of the father of the
plaintiff, not made in connection with the sale or conveyance of
the land or with any agreement or transaction with reference to
the mortgage debt in question, repeated by a witness, was hearsay
testimony, and therefore not admissible.

Error from Chase district court; W. A. RANDOLPH,
judge.   Opinion filed May 11, 1901.   Division two.
Reversed.

*Edwin A. Austin*, for plaintiff in error.
*Madden Bros.*, for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J. :  This was an action brought by C. C.
McDowell, against the administrator of the estate of
John McDowell, deceased, to recover $660 alleged to
be due from the estate by reason of a real-estate trans-
action had between the plaintiff, the deceased, and
their father, Charles McDowell.   The father of C. C.
and John McDowell was the owner of two tracts of
land which he conveyed to his sons on April 3, 1883.
There was a mortgage on the tract conveyed to C. C.
McDowell, made to secure a loan of $1000 obtained
from D. K. Carter.   It was alleged that, in order to
give each son an equal amount in value of land, it was
agreed that C. C. McDowell and John McDowell
should each pay one-half of the mortgage on the tract
conveyed to C. C. McDowell ; that the two sons en-
tered upon the performance of this agreement and that
John McDowell paid to C. C. McDowell his proportion
of the interest falling due on the Carter mortgage up
to 1886, when the loan was renewed and a new mort-
gage was executed by C. C. McDowell to D. K. Carter
for five years for the same amount ; that at the time
of making the new mortgage all the parties renewed
their former agreement with reference to payments,
and under such renewed agreement John McDowell
paid his proportion of the interest up to the time of
his death, on August 1, 1888.   After the appointment
of the administrator, C. C. McDowell presented a
claim for one-half of the amount due on the note, $660,
and in the district court recovered the amount of his
claim and interest, amounting in all to $732.

The principal exceptions brought to our attention
arise upon the rulings of the court in the admission

of testimony.   It is contended that the plaintiff, C. C. McDowell, was permitted to testify to communications and transactions had with his deceased brother, in violation of the restriction provided in section 322 of the civil code (Gen. Stat. 1901, § 4770).   Considerable testimony of this character was admitted over the objections of the administrator.   The plaintiff testified that an agreement was made between himself and his brother and father by which C. C. and John were to pay the indebtedness against the farm in equal amounts.   The communications and transactions between C. C. McDowell and his father were not objectionable, except as they entered into and became a part of the communications and transactions between C. C. McDowell and his deceased brother.   Where the father and sons all participated in negotiations and in transactions, so that they constituted the communications and transactions of each, C. C. McDowell was not competent to testify to any part of the same.   Some of the testimony was of this character and some of it related to direct transactions and communications between the plaintiff and his deceased brother.   The objections to the evidence were sufficiently specific, and, after obtaining a ruling of the court, it was unnecessary to reiterate them as each of the objectionable questions was asked.   It is contended that there is abundant testimony, aside from that which is objectionable, to sustain the findings of the court, but we are unable to say that the rights of the defendant were not prejudiced by the admission of the objectionable testimony.

Objection is also made to the testimony of Mrs. Isabella McDowell, who was the mother of C. C. and John McDowell, who joined with her husband in the conveyance made to the two sons.   The basis of the

objection to her testimony is that she stood in the relation of an assignor to the contending parties.     Another provision of said section 322 of the civil code is: ''Nor shall the assignor of a thing in action be allowed to testify in behalf of such party concerning any transaction or communication had personally by such assignor with a deceased person in any such case.'' Isabella McDowell does not fall within this prohibition, because she is not the assignor of the thing in action.     That thing was the debt to Carter, one-half of which it is said John McDowell agreed to pay. Her testimony was therefore admissible.

W. D. McDowell, another witness, was allowed to testify that the father, Charles McDowell, told him at one time that he had given C. C. McDowell a part of a tract of land encumbered by the Carter mortgage, and that Charlie and John were to assume the whole of it, and that it was to be paid by them in equal parts.     This statement was not made in connection with the sale or conveyance of the land or with any agreement or transaction with reference to it.     It was purely hearsay testimony, and should have been excluded, upon the objection of the administrator.

The objection that the oral testimony as to the agreement of John McDowell, deceased, to pay one-half of the mortgage debt varies and contradicts the written agreements embraced in the deeds of conveyance appears not to be sound, and we find nothing material in the other objections to the rulings of the court. For the errors mentioned, however, judgment will be reversed, and the cause remanded for another trial.

CUNNINGHAM, GREEN, JJ., concurring.