OLIVE ROACH *et al.* v. MARY ROACH *et al.*

No. 13,686. (77 Pac. 108.)

SYLLABUS BY THE COURT.

EVIDENCE—*Transactions with Deceased Persons.* Where the party on one side of a controversy is the executor, administrator, heir at law, or next of kin of the deceased person, and has acquired title to the cause of action directly through said deceased person, the adverse party is incompetent to testify to any transaction or communication had with such deceased person.

Error from Butler district court; G. P. AIKMAN, judge. Opinion filed June 11, 1904. Reversed.

*Redden & Cramer*, and *H. W. Schumacher*, for plaintiffs in error; *H. W. Schumacher*, as guardian *ad litem*.

*I. P. Cramer & Son*, for defendants in error.

The opinion of the court was delivered by

GREENE, J. : This was an action in partition and ejectment which resulted in a judgment for defendants. C. A. Roach and G. H. Roach were partners engaged

in the grocery business and jointly owned the lot in dispute.   Both of them died, and the plaintiffs below, who are plaintiffs in error here, were the widow and children of C. A. Roach, and the defendants were the widow and children of G. H. Roach, the former claiming, as heirs, the undivided one-half of this lot and asking that it be divided and that they be placed in possession of their part.   The defendants claimed that C. A. Roach sold his interest to G. H. Roach.

On the trial, defendant Mary Roach, the widow of G. H. Roach, was permitted to testify to a conversation between herself, her husband, and C. A. Roach, which, according to her testimony, was a sale by C. A. Roach of his undivided one-half of this lot to her husband.   This evidence was admitted over the objections of the plaintiffs and is the first error assigned. Section 4770 of the General Statutes of 1901 reads :

"No party shall be allowed to testify in his own behalf in respect to any transaction or communication had personally by such party with a deceased person when the adverse party is the executor, administrator, heir at law, next of kin, surviving partner or assignee of such deceased person. . . ."

Under this statute, when the parties on one side of a controversy are the executors, administrators, heirs at law or next of kin of a deceased person, and have acquired title to the cause of action immediately from such deceased person, the adverse party cannot testify to any transaction or communication had personally with such deceased person.   Argument could not make this statute plainer.   The plaintiffs in this action were heirs at law and next of kin of C. A. Roach, deceased. Mary Roach was one of the adverse parties, and was clearly excluded by this statute from testifying to any conversation had with C. A. Roach, or to any con-

versation between him and another in which she had taken part, concerning the cause of action.

On the trial plaintiffs introduced one O. E. Ashenfelter, and undertook to examine him concerning the sale by C. A. Roach to G. H. Roach of his one-half of the partnership business. The defendants objected to this witness's testifying to any such transaction, on the ground that Ashenfelter was acting at that time as an attorney and counselor for the parties. Without embodying his testimony in the opinion, suffice it to say that it did not show that he was acting in such capacity. He was not an attorney at law; he was merely called in to reduce the agreement of the parties to writing. He gave no legal opinion or advice. His testimony should, therefore, have been admitted.

For the reasons herein suggested, the judgment of the court is reversed and the cause remanded.

All the Justices concurring.