S. H. KOGER v. THOMAS M. ARMSTRONG, *as Administrator, etc.*

No. 14,140.     (83 Pac. 1029.)

EVIDENCE—*Transactions Had with Deceased Persons.* In an action upon a promissory note the testimony of a witness, not a party to the action, that he was the principal upon the note, that the defendant was merely a surety, and that in the lifetime of the plaintiff's intestate the time had been extended upon the note for a valuable consideration without the knowledge or consent of the defendant, was held not to be within the rule (Gen. Stat. 1901, § 4770) forbidding a party to testify in his own behalf in certain cases in respect to personal transactions had with a deceased person.

Error from Brown district court; WILLIAM I. STUART, judge. Opinion filed January 6, 1906. Reversed.

*A. B. Crockett,* for plaintiff in error.

*James A. Clark,* for defendant in error.

*Per Curiam:* Thomas M. Armstrong brought an action, as administrator of Joseph Armstrong, to recover upon a note given to the latter and executed by S. Huston and S. H. Koger. In the plaintiff's pleading both the makers of the note were named as defendants, but service of summons was had only upon Koger. At the trial Koger offered in evidence the deposition of Huston, taken in Oklahoma, in which the witness stated that he was the principal upon the note and that Koger was merely a surety; that in the lifetime of the payee, by an arrangement made with the witness, the time of payment of the note had been extended for a valuable consideration, without the knowledge or consent of the surety, thereby effecting his discharge.

An objection was sustained to the admission of this deposition upon the ground that it was within the rule (Gen. Stat. 1901, § 4770) forbidding a party to

testify in his own behalf in certain cases in respect to any transaction had personally by such party with a deceased person. The rule, however, does not apply, for the reason that the witness Huston was not a party to the litigation, and his testimony was not offered in his own behalf. Not only was Huston not formally made a defendant in the case, but his interests were not identical or involved with those of Koger. The evidence he gave had no tendency to establish a defense on his own part. Indeed, he explicitly admitted his liability on the note. Neither the spirit nor the letter of the statute rendered him an incompetent witness. (See *Shorten v. Judd,* 56 Kan. 43, 42 Pac. 337, 54 Am. St. Rep. 587; *Murphy v. Colton,* 4 Okla. 181, 44 Pac. 208; 30 A. & E. Encycl. of L. 982, ¶ 2.)

It is also suggested that the rejected evidence was incompetent because it stated conclusions rather than facts. It was couched in very general terms but was for the most part admissible.

The judgment is reversed and the cause remanded, with directions to grant a new trial.