CARRIE SARBACH, as an Individual, as Administratrix,. etc., and as Trustee, etc., Appellee, v. MAX SARBACH: et al., Appellees, and THE FIDELITY AND DEPOSIT COMPANY OF MARYLAND, Appellant.

No. 17,554.

SYLLABUS BY THE COURT.

1. STATUTE—Strictly Construed. Section 320 of the civil code· is to be strictly construed.

2. EVIDENCE—Transactions with Deceased. An administratrix· of the estate of a deceased partner petitioned the court for directions whether to treat her decedent's real estate as individual or partnership property, making various creditors. and persons parties, including the brother and surviving partner of the deceased. She called as a witness in her behalf this brother, who testified to transactions and communications. had personally by him with the deceased, over the objection of the appealing creditor. Held, that even if he were deemed to· be testifying in his own behalf on account of his interest in the matter, still, as neither he nor the creditor is within the· terms of the statute, the latter could not exclude the evidence.

3. DECREE—Competent and Incompetent Evidence. In a case· tried by the court a decree well supported by competent evidence will not be reversed on account of the admission of· certain incompetent evidence not apparently or presumptively· such as to have induced or influenced the decision.

4. PARTNERSHIP—Real Estate—Statute of Frauds. Real estate· may be shown to have been devoted to partnership purposes, and to have become partnership property without any writ-· ing or memorandum, under the statute of frauds.

Appeal from Jackson district court. Opinion filed. April 6, 1912. Affirmed.

T. F. Garver, and R. D. Garver, for the appellant.

I. T. Price, Charles Hayden, A. E. Crane, E. D.. Woodburn, and F. T. Woodburn, for the appellees.

The opinion of the court was delivered by

WEST, J.: The administratrix of the estate of Albert. Sarbach and trustee in the settlement of the partnership formerly existing between Albert Sarbach and:

his brother Max Sarbach petitioned the trial court to determine whether certain real property belonged to the partnership or to the personal estate of Albert Sarbach. At the death of Albert these brothers had been partners in the general merchandise business and prior to their father's death had been associated with him. By his will the stock and building in which it was located passed to the two sons equally, except a certain preference out of the assets which was adjusted between them. When a new location was needed they purchased the other real estate involved and moved their store there. After purchasing the new property they added to the building thereon and rented the former buildings. The court found that the real estate belonged to the partnership. The appellant, a creditor of Albert Sarbach, appeals from the decree and asserts that the trial court erred in receiving certain testimony of Max Sarbach and in holding that the real estate in question could be changed from individual to partnership property without some writing, under the statute of frauds, or some act amounting to an estoppel upon Albert Sarbach.

It is urged by the appellant that there was no hostility or conflict between the plaintiff and defendant Max Sarbach, but that, on the contrary, he was interested in her success, the appellant, of course, being interested in exactly the contrary manner. The administratrix called Max Sarbach as a witness in her behalf, who testified concerning his father's will, his brother's estate, the partnership business of the brothers and their mutual arrangement and agreement, including personal transactions and communications. During the course of his examination an objection was made to his competency by the appellant, which was overruled.

The provision of the statute (before amendment of 1911) was that no party should be allowed to testify in his own behalf in respect to any transaction or commu-

nication had personally by him with a deceased person, when the adverse party is the administrator of such deceased person, "where they have acquired title to the cause of action immediately from such deceased person." (Civ. Code, § 320.) The modern tendency is to avoid increasing the restrictions of this statute beyond the literal necessities. (*Pulsifer v. Arbuthnot,* 59 Kan. 380, 53 Pac. 70; *Reville v. Dubach,* 60 Kan. 572, 57 Pac. 522; *Miller v. McDowell,* 63 Kan. 75, 64 Pac. 980; *Powers v. Scharling,* 71 Kan. 716, 81 Kan. 479; *Koger v. Armstrong,* 72 Kan. 691, 83 Pac. 1029; *Bryan v. Palmer,* 83 Kan. 298, 111 Pac. 443; *Hess v. Hartwig,* 83 Kan. 592, 112 Pac. 99; *Williams v. Campbell,* 84 Kan. 46, 113 Pac. 800.)

In *Hess v. Hartwig,* it was said:

"The prohibition in section 320 of the code of 1909 is not to be extended by implication, and it has been held to apply only to those who are technically parties to the action. The term 'party,' as used in the code, does not mean or include persons not parties in the technical sense, however much they may be interested in the result of the suit." (p. 594.)

In *Williams v. Campbell,* it was said:

"Competency is the rule, and disqualification is the exception. Neither interest in the result of the litigation nor incompetency operates to disqualify a party except upon the specific conditions named in the statute. The court is not inclined to extend this exception by interpretation. (*Bryan v. Palmer,* 83 Kan. 298; *Hess v. Hartwig,* 83 Kan. 592.) On the contrary, it has been said that 'the present judicial tendency is undoubtedly to give a liberal construction to statutes removing disqualifications to testify, and a strict construction to those imposing them—to endeavor to protect the rights of parties by requiring evidence from a doubtful source to be given only such weight as the circumstances may seem to justify, rather than by excluding it altogether.'" (p. 50.)

Counsel for appellant say:

"In this case it is Max Sarbach on the one side, ask-

ing that this be declared to be partnership property, and one of the claimants against the Albert Sarbach estate on the other side."

Max Sarbach does not appear as executor or administrator, however, but as a party called in behalf of the administratrix, who represents the decedent only. (*Collamore v. Wilder*, 19 Kan. 67; *Crawford's Adm'r, v. Lehr*, 20 Kan. 509, 512; *Ætna Life Ins. Co. v. Swayze, Adm'x*, 30 Kan. 118, 122, 1 Pac. 36.) It is only by treating him as a party who testified in his own behalf—the adverse party being the administratrix, who had acquired title to the property in litigation, the assets, immediately from Albert Sarbach—that he can be held to have been an incompetent witness, and then incompetent only as to her. And it is only by regarding her as adverse to him in a legal and not in an actual sense that the statute could apply as between them. To concede that she was an adverse party in fact would be going farther than the appellant's contentions, its position being that the two were representing a common interest and desire, and that the party really adverse to Max Sarbach was the appealing creditor. On this theory the statute does not render the witness incompetent.

"Under this statute, when the parties on one side of a controversy are the executors, administrators, heirs at law or next of kin of a deceased person, and have acquired title to the cause of action immediately from such deceased person, the adverse party can not testify to any transaction or communication had personally with such deceased person." (*Roach v. Roach*, 69 Kan. 522, 523, 77 Pac. 108.)

Had the appellant attempted to testify to a personal transaction or communication with the deceased the administratrix could have invoked the statute, but Max Sarbach could not, for while she was administratrix, and had acquired title immediately from the deceased he possessed neither of these qualifications. Treating

the plaintiff and Max Sarbach as adverse parties, then she could have excluded precisely the same testimony which she herself elicited. But instead of objecting she used the incompetent witness in her behalf. Had the controversy been between the creditor and Max the testimony could not have been excluded. The statute does not appear, therefore, to have been framed so as to fit the situation, and we hold that the appellant, under the circumstances, could not invoke it in its behalf.

From an examination of the so-called case-made, as well as the abstract and counter abstract, it appears that even had the testimony relating to personal transactions and communications been excluded there was evidence quite sufficient to warrant the conclusion reached by the trial court.

The proposition that real estate shown to have been used and treated as partnership assets should be so considered regardless of any writing is well settled. (*Johnson v. Clark,* 18 Kan. 157; *Winkfield v. Brinkman,* 21 Kan. 682; *Tenney v. Simpson,* 37 Kan. 353, 15 Pac. 187; *Sternberg v. Larkin,* 58 Kan. 201, 48 Pac. 861; *Goldthwaite, Receiver, v. Janney and Channey, Trustees,* 102 Ala. 431, 15 South. 560, 48 Am. St. Rep. 56; 30 Cyc. 428-433.)

The decree is affirmed.