No. 18,840.

J. A. MURPHREE, *Appellee,* v. W. O. ANDERSON et al., Partners, etc., *Appellants.*

SYLLABUS BY THE COURT.

1. ESTOPPEL — *Facts Occurring after Former Judgment — Not Adjudicated.* A judgment is not an estoppel as to facts which did not occur until after the judgment was rendered and which were not involved in the former action, notwithstanding references were made in the pleadings in that action to matters not involved therein.

2. MALICIOUS ATTACHMENT—*Damages—Res Judicata—No Adjudication of Facts in Issue in a Former Action.* Plaintiff sued to recover damages for the malicious attachment of his property. The answer pleaded a former judgment in an action wherein plaintiff sued one of the same defendants for false arrest and imprisonment. In the petition in the former action he alleged facts with respect to the attachment of his property for the purpose of showing malice in causing his arrest and imprisonment. When the first case was tried the attachment case was still pending, and it had not then been determined that the attachment was wrongful. *Held,* that the trial court properly took from the jury the question of the former judgment on the ground that damages for the malicious attachment could not have been adjudicated in the former action.

3. SAME—*Question of Fact—Decided by Court—Not Prejudicial Error.* In an action to recover damages for the malicious attachment of plaintiff's property the defendant pleaded the

former judgment, in which the attachment was dissolved, and alleged that the plaintiff, as defendant in that action, had set up a counterclaim for the same damages. The trial court ruled as a matter of law that plaintiff was not by reason of the allegations of his answer in the attachment case estopped from asserting his claim. The question being one of fact, should have been submitted to the jury; but, since all the evidence was to the effect that none of the issues were in fact adjudicated in the former action, and no serious contention being now made to the contrary, the error will not be regarded as prejudicial.

4. SAME—*Damages—Attorney's Fee—Competent Evidence.* In an action to recover damages, including attorney's fees for defending a malicious attachment, the plaintiff, who was a farmer, was permitted to testify to the value of his attorney's services in defending the attachment case. *Held,* not error.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed May 9, 1914. Affirmed.

*Z. T. Hazen, R. H. Gaw,* and *Charles Curtis,* all of Topeka, for the appellants.

*W. A. S. Bird,* of Topeka, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff sued the defendants for damages, alleging that maliciously and without any probable cause they commenced a civil action against him and attached and sold his property. The action is one of a series of lawsuits in which the parties have been involved and which include three civil suits and one criminal action. The defendants are commission merchants dealing in fruit and farm produce in the city of Topeka. The plaintiff is a farmer, and in 1909 was a resident of Oklahoma, where he was engaged in shipping watermelons raised by him on his farm. He brought a carload of melons to Topeka, and the defendants claimed that he contracted to sell it to them, but that he sold to some one else, in violation of his contract. On August 9, 1909, he came to Topeka with an-

other carload of melons, which he sold to a retail merchant of the city. While engaged in delivering a wagonload of them, T. E. Armstrong, one of the defendants, and some other commission men of the city had one of their number purchase a single watermelon from him for twenty-five cents, and as soon as the transaction was completed caused him to be arrested by a policeman and confined in the city jail, charged with peddling merchandise without a license in violation of a city ordinance. While imprisoned and a stranger in a strange land, he was sued by the defendants in the district court of Shawnee county to recover $160 damages for breach of the alleged contract for the sale of the first car of melons, and an attachment was levied on the second carload of melons. Soon after the attachment was levied the melons were sold at public auction and brought $25, although they were worth about $100.

The plaintiff employed an attorney, who succeeded in having him acquitted on the charge of violating the city ordinances, and he was discharged. He at once brought suit in the circuit court of the United States for the district of Kansas against T. E. Armstrong and the other commission merchants who were charged with being in the conspiracy, in which action he sought to recover damages in the sum of over $15,000 for false arrest and imprisonment. That case was tried, and he recovered a judgment against Armstrong and the other defendants in the sum of $400. Subsequently the attachment case came on for trial in the district court of Shawnee county and he recovered a judgment for costs, having proved that he was not indebted in any manner to Anderson and Armstrong. The only ground for attachment was that he was a nonresident of the state, and defeating the cause of action resulted in the dissolution of the attachment. He thereupon brought this action to recover for loss of time, traveling expenses, hotel bills and attorney's fees in defending the attachment case. The jury returned a verdict

Murphree v. Anderson.

awarding him damages in the sum of $403.65. The court overruled a motion for a new trial and rendered judgment on the verdict, from which the defendants have appealed.

The principal defense set up in the answer was that the matters involved in this action are *res judicata,* because substantially the same averments were made in the action in the federal court with respect to the commencement of the attachment suit and the expenses and damages which the plaintiff claims to have suffered thereby. The answer set up a copy of part of the pleadings in the action in the federal court. There are several reasons why we think the plea of *res judicata* can not be sustained. The parties are not identical. Anderson, who is a defendant here, was not a party to the action in the federal court. When that case was tried the attachment case in the district court of Shawnee county was still pending, and of course the plaintiff could not recover damages for the wrongful attachment of his property, because it had not then been determined that the attachment was wrongfully brought. It is true there is much similarity in the statement of facts in both petitions. In the federal court the plaintiff sought to recover damages for malicious arrest and false imprisonment, and alleged all the facts with respect to the attachment of his property for the purpose of showing malice on the part of defendants. In the present action he sued to recover damages for the malicious attachment of his property, and pleaded the fact of his arrest and all the circumstances connected therewith for the purpose of showing that the attachment was brought maliciously and oppressively.

"A judgment is not and can not be an estoppel as to facts which did not occur until after the judgment was rendered and which were not involved in the suit in which it was rendered; nor does its conclusive effect extend to references made by a party in his pleadings

to matter not involved in the controversy, such references being made merely for the purpose of elucidating the points really at issue." (23 Cyc. 1314.)

We think the trial court properly took from the jury the question of the former judgment on the ground that the damages sued for in this action could not have been adjudicated in the former.

It is also contended, and it was alleged in the answer, that the matters involved herein were adjudicated in the attachment action, for the reason that the defendant in that action, plaintiff in this, filed an answer in which he set up his claim for the same damages—loss of time, traveling expenses and attorney's fees in defending the attachment proceedings. Plaintiff produced as witnesses the judge of the district who tried the attachment case and the official stenographer who reported the trial, and showed by them that the defendant was not allowed in the attachment action to litigate the questions involved herein. It is contended that the court erred in admitting this character of testimony. The same fact might have been proved by any one present at the trial, whether officially connected with the proceedings or not. In *Chambers v. Trust Co.*, ante, p. 30, 139 Pac. 1178, it was held that a court in which a former adjudication is pleaded may ascertain by parol evidence what really was decided, if the evidence does not contradict the record. Wherever extrinsic evidence is admissible to identify the questions litigated, it is said in 23 Cyc. 1538 that it is proper to receive for this purpose "stenographic reports or minutes of the testimony taken, the testimony of the judge and jurors who tried the case or the evidence of a person who was present as a witness at the former trial." In *Perkins v. Brazos*, 66 Conn. 242, 33 Atl. 908, it was held that the deposition of the judge who tried the former action was admissible to prove what issues were tried where the facts do not appear by the un-

aided record.   The case of *Pulsifer v. Arbuthnot,* 59
Kan. 380, 53 Pac. 70, is cited by defendants.   It was
there held that parol evidence is inadmissible in a col-
lateral action to prove the rendition of a judgment or
the making of an order by a court of record.   In this
case the parol evidence was neither for the purpose of
contradicting the record nor of proving what judgment
was rendered; the purpose was to prove a ruling of the
court made on the trial which would not be preserved
in the record of the judgment.

Ordinarily the rule is that if extrinsic evidence is re-
quired to establish a question of fact to determine
whether the issues in the former action were the same,
the question must go to the jury.   It becomes a question
of law for the court only when it can be determined
from an inspection of the record alone.   (23 Cyc. 1543,
and cases cited.)   The defendants insist, therefore,
that if the testimony of the judge and stenographer
and other parol evidence offered by the plaintiff were
admissible the question of fact should have been sub-
mitted to the jury, whereas the court instructed that
the plaintiff's claim had not in fact been adjudicated in
the attachment action, and that plaintiff was not by
reason thereof estopped from asserting it here.   Mani-
festly the court improperly took from the jury the
determination of the question of fact.   But it is equally
manifest from an examination of the entire record that
the court decided the fact correctly.   The plea of *res
judicata* rests upon the fact that the answer in the at-
tachment action set up the same issues, and that they
might have been, and the presumption is that they
were, determined in that action.   No evidence was in-
troduced or offered in rebuttal of the evidence of the
judge of the district court and the official stenographer,
and it is hardly conceivable that had the question been
submitted to the jury the decision would have been
other than that made by the court, and if it had it

would have been the court's duty to set it aside as contrary to all the evidence. No serious contention is now made that any issue involved in this action was in fact submitted to the jury in the attachment action or was determined therein. It was therefore a question of fact upon which all the evidence was one way; and while we think the court should have left the determination of the question to the jury, we can not regard the error as prejudicial to defendants nor sufficient to justify ordering another trial upon that issue. While the answer pleaded the fact to be contrary to the finding of the court, all the evidence was to the effect that the issues were not tried out in the attachment action, so that the fact which the court determined should be regarded as one about which there was and is no serious dispute.

It is complained that the court erred in refusing to strike out certain portions of the petition. While we think the petition contained a great many statements with respect to the arrest of the plaintiff and the fact that the newspapers had published accounts of his arrest, all of which should have been stricken from the petition, we are satisfied that the defendants were not prejudiced by the ruling. Evidence was admitted for the purpose of proving some of these allegations, but the court charged the jury that none of these matters were to be considered by them except as tending to show malice on the part of defendants, and it is clear from the whole record that the jury understood that they were not to allow any damages for the unlawful arrest and imprisonment or because of the publication in the newspapers and humiliation which the plaintiff claimed he suffered thereby. There was no error in refusing to require the plaintiff to elect upon which cause of action he would rely in the trial of this case. The court, on the motion of the defendants, required the plaintiff to file an amended petition setting up separate causes of action. As we construe the

pleading, however, but one cause of action was alleged, and that was to recover damages for the malicious bringing of the attachment suit. In the petition as amended the plaintiff was unable to state two causes of action, although the order of the court was attempted to be followed by separating the petition into two counts, but both causes of action were for the same items of damages and expenses. It is insisted that the court committed error in allowing the plaintiff to testify as to the value of his attorney's services in the attachment case. We think the evidence was admissible for what it was worth. The fact that the plaintiff is a farmer would not prevent him from having some notion as to the value of attorney's fees, especially where he had participated in as much litigation as the plaintiff has, all within a period of two years. He testified that the services of his attorney in this case were worth $125. As observed, it was some evidence, and as he seems to have had a pretty fair opinion of what the services were worth, the defendants have no cause to complain.

We find no prejudicial error in the record and the judgment will be affirmed.