No. 21,783.

WILLIAM A. KIRKHAM, *Appellant*, v. THE LEAVENWORTH LIGHT, HEAT AND POWER COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

NEGLIGENCE—*Fire Caused by Electric Meter—Opinion Evidence—Judicial Discretion.* A judgment will not necessarily be reversed for the exclusion of opinion evidence sought to be introduced to show that a fire in a building had started at a certain place and had been caused by an electric meter; the admission or exclusion of such evidence being largely within the discretion of the trial court.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed December 7, 1918. Affirmed.

*W. W. Hooper*, and *B. F. Endres*, both of Leavenworth, for the appellant.

*Floyd E. Harper*, of Leavenworth, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment against him in an action brought to recover damages caused by a fire alleged to have been started by the defendant's negligence. The petition alleged that the plaintiff conducted a jewelry business in a building in Leavenworth; that the de-

Kirkham v. Heat and Power Co.

fendant there negligently maintained a defective electric meter, or a meter that had been defectively installed; and that this defect started the fire and caused the plaintiff's damage. The plaintiff sought to prove, by the chief of the fire department of Leavenworth, by men who were working for the plaintiff, and by an electrician of eighteen or twenty years' experience, that the fire started at a certain place in the building and was caused by the meter. Some of those witnesses saw the fire, and all of them saw the building after the fire had been extinguished. They were not permitted to give their opinions. The plaintiff complains of the exclusion of that evidence.

There is a field of the law of evidence in which expert opinions are clearly competent, and there is another, but larger, field in which such opinions are clearly incompetent. The latter is the general rule; the former is an exception. Between these two there is a smaller field in which expert opinion evidence may or may not be competent, and its admission is often a question to be determined by the sound discretion of the trial court. (*Davis v. United States*, 165 U. S. 373, 377; *Manufacturers' Accident Indemnity Co. v. Dorgan*, 58 Fed. 945, 948; *Gundlach v. Schott*, 192 Ill. 509, 514; *Dashiell v. Griffith*, 84 Md. 363, 378; *Martin v. Franklin Fire Insurance Co.*, 42 N. J. L. 46; *Cornell v. The State*, 104 Wis. 527, 537; *Allen v. Voje*, 114 Wis. 1, 13.)

This case comes within the field last mentioned, and, because of that fact, this court cannot say that there was prejudicial error in excluding the evidence offered. The conditions that existed during the fire and thereafter could have been described by the witnesses, and from the evidence of those witnesses the jury could have determined where and how the fire started.

The judgment is affirmed.

WEST, J. (dissenting): The rejected evidence appears to me to be competent under numerous decisions of this court, and in accordance with the doctrine laid down by Professor Wigmore.

The ultimate fact to be determined by the jury was, not where the fire started, but the alleged negligence of the defendant in permitting the meter to get into a defective, old and worn-out condition, or its wire connections to become defective The expert witnesses who examined the premises certainly

knew more than the jury as to where the fire started, and a case was presented in which the jury could and should have been aided by their opinion.

Even expert witnesses are permitted to give opinions of conditions and situations with which they are familiar but which it is difficult to embody in words or reproduce before the jury. (*Plaster Co. v. Blue Rapids Township*, 77 Kan. 581, 96 Pac. 68.) In *Denver v. Railway Co.*, 96 Kan. 154, 150 Pac. 562, it was said that there are degrees of expertness, and that witnesses who know more about the subject than persons who have no experience or especial knowledge thereof are competent to testify. In *Wade v. Electric Co.*, 98 Kan. 366, 158 Pac. 28, it was held proper for expert witnesses to testify that it is not good practice to insulate electric wires in a certain way.

It was there said, as it might well be said here:

"They testify to facts and to their opinions concerning conditions, and the jury determine what the facts are." (p. 373.)

In *Railway Co. v. Bridge Co.*, 103 Kan. 385, 175 Pac. 160, experienced railway men were held competent to testify touching the good condition of a set of signals.

In discussing the history of the opinion rule, Wigmore says:

"In the old sense, 'opinion'—more correctly, 'mere opinion'—is a guess, a belief without good grounds; in the modern sense, 'opinion' is an inference from observed and communicable data." (3 Wigmore on Evidence, p. 2548.)

"What we have to notice, in inquiring as to the scope and the effect of the principle, is that it does not employ any mere shibboleth; it does not rest on a simple caprice, prejudice, or tradition; and, most of all, it does not exclude any specific class of witnesses or all testimony on a specific subject." (Id. p. 2550.)

The sum of the whole matter is thus tersely stated by the author in section 1923 of the same work:

"But the only true criterion is: On *this subject* can a jury from *this person* receive appreciable help? In other words, the test is a relative one, depending on the particular subject and the particular witness with reference to that subject, and is not fixed or limited to any class of persons acting professionally." (Id. p. 2559.)

It does not seem right that the admission of competent testimony should be the subject of judicial discretion. The trial of a lawsuit is conducted for the purpose of ascertaining the facts. The duty of the court is to reject incompetent and receive com-

petent evidence, for the parties have a right to the benefit of the latter.

These witnesses who had expert knowledge and had made personal examination were, it seems to me, in condition to help in the ascertainment of the real facts by giving their opinion as to where the fire started, thereby assisting the jury to determine whether the defendant was negligent.

This court is on record in favor of letting in evidence instead of shutting it out. (*Sarbach v. Sarbach,* 86 Kan. 894, 896, and cases cited, 122 Pac. 1052; *Dennis v. Perkins,* 88 Kan. 428, 436, 129 Pac. 165; *Wallace v. Wallace,* 101 Kan. 32, 36, 165 Pac. 838.)