The State v. Fooks.

---

THE STATE OF KANSAS V. MATTHEW FOOKS.

1. MALICE *Aforethought.* Where an information follows the language of the statute in charging the crime of murder in the first degree, the use of the words "of malice aforethought" are not essential to its validity.

2. MURDER *in the First Degree; Valid Information.* Where an information charging the crime of murder in the first degree alleges an unlawful, felonious, willful, deliberate and premeditated assault with a pistol, commonly called a revolver, charged with gunpowder and leaden bullets; a felonious, willful, deliberate and premeditated shooting and wounding of the deceased; a felonious, willful, deliberate and premeditated intention to kill and murder the deceased; that the wounding was mortal, and that the wounded man instantly died of the mortal wounds, all the elements of the crime of murder in the first degree, as defined in the statute, are embraced therein, and the use of the words "that the defendant, him, the said deceased, in manner and form aforesaid, feloniously did kill and murder" are not essential to its validity.

3. EVIDENCE *Admitted—Afterward Excluded, No Material Error.* Certain evidence was produced upon the trial against the defendant charged with murder in the first degree, tending to impeach the wife of the defendant, who had testified in his behalf; thereupon the defendant asked the court to withdraw from the jury the evidence, upon the ground that no sufficient foundation had been laid therefor, and because it was irrelevant and incompetent. The court overruled the motion, and the defendant excepted. Soon thereafter the court reconsidered its action, and of its own motion ruled out and took from the jury the evidence objected to. *Held*, No material error was committed thereby.

*Appeal from Wabaunsee District Court.*

· INFORMATION, filed December 5, 1881, charging that the defendant *Fooks*, on the 5th day of October, 1881, in said county of Wabaunsee, and state of Kansas —

: "Did then and there unlawfully, feloniously, willfully, de-

liberately and premeditatedly make an assault upon one George Miller, then and there being, and with a certain pistol, commonly called a revolver, then and there charged with gunpowder and divers, to wit, two leaden bullets, which said pistol, he, the said Matthew Fooks, then and there had and held, and then and there did feloniously, willfully, deliberately and premeditatedly discharge and shoot off, to, against and upon him, the said George Miller; and that the said Matthew Fooks, with two leaden bullets aforesaid, out of the pistol aforesaid, by force of the gunpowder aforesaid, by the said Matthew Fooks discharged and shot off as aforesaid, then and there, feloniously, willfully, deliberately and premeditatedly, with intent, him, the said George Miller, in the manner aforesaid, to kill and murder, did strike, penetrate and wound him, the said George Miller, upon and in the breast and upon and in the left side of the neck, thereby giving to him, the said George Miller, two mortal wounds, of which said mortal wounds, the said George Miller, then and there, on the said 5th day of October, A. D. 1881, at the county of Wabaunsee aforesaid, and within the jurisdiction of this court, instantly died: contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

Plea, not guilty; trial at the September Term, 1882; verdict, guilty of manslaughter in the first degree. Defendant was sentenced to six years' imprisonment in the penitentiary, and also to pay the costs of the prosecution. He brings the case here.

*Case & Curtis*, and *H. A. Pierce*, for appellant.

*George G. Cornell*, county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The questions presented upon this appeal are concerning the sufficiency of the information, and the rulings of the court in admitting and rejecting testimony. It is alleged that the information is fatally defective because it does not charge that the act was done "of malice aforethought," and because it does not conclude with the words, "that the defendant, him, the said George Miller, in manner and form

aforesaid, feloniously did kill and murder." The information alleges an unlawful, felonious, willful, deliberate and premeditated assault with a pistol, commonly called a revolver, charged with gunpowder and leaden bullets; a felonious, willful, deliberate and premeditated shooting and wounding; a felonious, willful, deliberate and premeditated intention to kill and murder; that the wounding was mortal, and that the wounded man instantly died of said mortal wounds. The crime is charged in the exact language of the statute, and it is not necessary to use the words, " of malice aforethought," for malice aforethought is nothing more than an unlawful or wicked intention, and the language used expresses this in as forcible terms as could have been employed. As the intent to kill is charged in the body of the information, it is unnecessary under the provisions of our statute to repeat it in the closing clause thereof. Therefore as all the elements of the crime as defined in the statute are embraced in the information, it is sufficient. (*The State v. White*, 14 Kas. 538; *Smith v. The State*, 1 Kas. 365; Crim. Code, §§ 101 to 111, Comp. Laws 1879.)

Upon the trial, after the wife of defendant had testified, two witnesses, W. D. Deans and G. G. Cornell, gave evidence on the part of the state in a narrative form, of statements made by the wife on October 6, 1881, concerning the actions of the defendant and the deceased on the day deceased was killed. The defendant thereupon asked the court to withdraw from the jury all the evidence testified to by the witnesses regarding the statements of the wife, for the reason that no sufficient foundation had been laid for the introduction of this evidence, and that it was irrelevant and incompetent. The court overruled the motion, and the defendant excepted to the ruling. As soon, however, as the witness Cornell had concluded his evidence, the court reconsidered its action, and of its own motion ruled out and took from the jury the evidence of the witness given in a narrative form. Under these circumstances the defendant has no material ground for complaint. He asked the evidence to be rejected, and although the court at

first refused so to do, soon afterward it complied with the request, and the matters complained of were not submitted to the jury for their consideration.　If any part of this evidence was competent, the defendant has no right to complain of the action of the court in withdrawing it from the jury, because such action was based upon his request.

Certain evidence of the witness Cornell, which was not excluded, tended to impeach the wife of defendant.　Several of the questions propounded to the witness were leading, and it is insisted that thereby error was committed.　The usual and proper rule as to impeachment is this: If it be intended to bring the credit of a witness into question, by proof that he has made statements out of court contrary to what he has testified at the trial, his attention upon cross-examination is challenged to a particular circumstance or action, and then asked whether or not he has said that which is intended to be proved; if a witness denies having made the contradictory statements inquired of, and a witness is called to prove that he did, the particular words must not be put to the impeaching witness, but the witness must be required to relate what has passed. ( 1 Greenl. on Ev., p. 514, note 1; *Hallett v. Cousens,* 2 M. & Rob. 238.)　Technically, counsel for defendant was correct in his objection, but under the circumstances of the case the error was not sufficiently material to cause any reversal of the judgment.　"This court will not reverse the judgment of a district court in a criminal action for merely allowing leading questions to be asked of witnesses, when there has not been such a manifest abuse of discretion on the part of the trial court as to make it apparent that the defendant has been prejudiced thereby." (*The State v. McAnulty,* 26 Kas. 533.)

The other questions, concerning the admission and rejection of evidence, discussed in the briefs, are unimportant, and need no further mention.

The judgment of the district court will be affirmed.

All the Justices concurring.