## THE STATE OF KANSAS V. JOHN YORDI.

30 221|
52 357|
30 221|
56 597|
30 221|
e70 455|
30 221|
80 667|

1. WOUND, *Sufficiently Described.* In an information for murder, the location of the wound is sufficiently described as "upon the body."

2. DRAWING JURORS; *Notice, Purpose of.* A failure to give three days' notice to the sheriff and two justices of the peace, as prescribed by § 10, ch. 54, Comp. Laws of 1879, will not vitiate the drawing of jurors, if at the time of such drawing the sheriff and two justices are in fact present. The purpose of the notice is to secure the presence of these officers, and if they are in fact present, the time of notice becomes immaterial.

3. JUROR—*No Ground of Challenge.* Where a challenge to an array of jurors is sustained on account of some irregularity in the drawing, the jurors are not thereby personally disqualified to serve as jurors; and it is no ground of challenge to a juror, when called from the bystanders by the sheriff, or summoned by the court on a special venire, that he was one of an array which had been successfully challenged as above.

4. ARGUMENT TO JURY, *Latitude of.* It is not error for counsel, in argument to the jury, to comment on the omission to introduce testimony, and draw any legitimate inferences from such omission; nor is it improper for them to express their opinions as to the intentions of a party in any transaction in issue or disclosed by the testimony.

5. ARGUMENT TO JURY; *Judgment Not Set Aside.* Where there appears what can be considered as only a slight overstepping of the proper limits of argument to the jury, which is not objected to or noticed at the time, or until the presentation of a motion for a new trial, and the trial court overrules the motion, and the verdict is apparently fully sustained by the testimony, *held,* that this court ought not to set aside the judgment.

6. MURDER; *Conviction, Not Set Aside.* Where a defendant is convicted of murder, and on a motion for a new trial it is shown that pending the trial and during the recess of the court one of the jurors was present in a company, one of whom stated that defendant had been previously guilty of a like crime, but it is doubtful whether the juror heard the statement, and it does not appear to have been made by one interested in the prosecution or seeking to influence any juror, and the testimony is amply sufficient to sustain the verdict, and the motion is overruled, *held,* that this court will not set aside the conviction.

### *Appeal from Brown District Court.*

INFORMATION for murder, charging *John Yordi* with the felonious killing of John Byland, in the county of Brown,

April 5, 1882. Trial at the January Term, 1883, of the district court. The jury returned a verdict of guilty of murder in the first degrèe. Judgment accordingly, from which *Yordi* appeals.

*Lacock & May,* for appellant.

*W. A. Johnston,* attorney general, *Edwin A. Austin, Thomas J. Hayes,* county attorney, and *W. D. Webb,* for The State.

The opinion of the court was delivered by

BREWER, J.: The defendant was convicted in the district court of Brown county of the crime of murder in the first degree, and from such conviction has brought his appeal to this court. His counsel have industriously searched the record for every conceivable matter upon which to hinge a claim of error. Unfortunately for their client, however, many of the questions they raise have been already decided adversely to their claims by this court; and in the others, after a careful examination we see nothing which justifies any interference with the conviction. We shall notice briefly most of the points presented.

I. As to the information: It is claimed that it is defective, in that it does not show a deliberate and premeditated attempt to kill, and also that it fails to show upon what part of the body the alleged mortal wound was given. Neither objection is well taken. It does sufficiently allege a deliberate and premeditated attempt to kill. (*Smith v. The State,* 1 Kas. 365; *The State v. Fooks,* 29 Kas. 425.) It is not necessary to locate the wound, otherwise than upon the body. (*The State v. Brown,* 21 Kas. 49; *Sanchez v. The People,* 22 N. Y. 147; *Real v. The People,* 42 N. Y. 270; *Jones v. The State,* 35 Ind. 122; 2 Wharton on Cr. Law, 7th ed., § 1069.)

II. Two panels of jurors were drawn. A motion to quash each was filed. The first motion was sustained, and the first panel was discharged. The second motion was overruled, and this ruling is alleged for error. The ground for complaint is, that the *three* days' notice to the sheriff and two

justices of the peace of the time of the drawing was not given as required by §10, ch. 54, Comp. Laws 1879. As a matter of fact, notice was given on January 23d to the sheriff and the two justices to appear on the same day. They did appear, and in their presence the jury was drawn. The ruling of the district court was right. The length of notice is of minor importance; the substantial fact is, that the officers appeared, and in their presence the drawing was made. In *Jones v. The State*, 1 Kas. 279, it was laid down by this court that "unless a fair construction of the statute shows that the legislature intended compliance with the provision in relation to the manner to be essential to the validity of the proceedings, it is to be regarded as directory." The purpose of the statute is to have the jury drawn in the presence of disinterested witnesses, in order that the county clerk may not favor persons desiring to be jurors, nor either of the parties to any controversy in the courts. The notice to the sheriff and the justices is to enable them to be present. If they are present on a shorter notice than that specified in the statute, the purpose of the legislature is served. The direction is one for the orderly procedure of the officer, and is not intended as an essential to the validity of the proceedings. It is therefore directory, and the proceeding of the county clerk in drawing the panel was not void because of immaterial irregularities which do not affect the substantial rights of the defendant.

III. After the first panel had been set aside, a special venire was asked by the defendant. The court in filling out this venire entered the names of some of the jurors who were in the array that had been quashed. We see no error in this. The objection to the first array ran not to the qualifications of the jurors, but to the manner of their selection. They were still competent to serve when brought into the jury box in any legal manner.

Again, it is objected that the court erred in refusing a continuance. It is not insisted that any legal ground for such continuance was shown, but it is claimed that the defendant

had been in jail from October 6, 1882, up to the time of trial, on the 29th of January, 1883; that he had no counsel and no means to employ any, and was a stranger to our language, laws, ways, and customs, and therefore his counsel assigned by the court had had no time to prepare for the trial of his case, and their appeal for a continuance should have been granted. The record fails to fully bear out this claim of facts. It does not appear that the counsel were assigned by the court, or that they had not been actually employed since the time of the arrest, and making all possible preparation for the trial. It cannot be said that the discretion of the court was abused in this matter of continuance.

Again, so far as the objection to the recalling of the witness Bender, the record fails to show any order excluding witnesses, and therefore the objection made by counsel falls to the ground. As to the confessions of the defendant, they were unquestionably competent. (*The State v. Reddick*, 7 Kas. 143; *The State v. Ingram*, 16 Kas. 14.)

Again, error is alleged in refusing two instructions asked by defendant—the fourth and seventh. The fourth was, "That the evidence does not warrant a verdict of murder in the first degree." The evidence we think did warrant such a verdict, and therefore the court properly refused the instruction. As to the seventh instruction, with respect to insanity, we think the court in its charge fully and correctly stated the law, and therefore there was no error in failing to repeat any portion of the charge in a separate instruction.

IV. It is objected that counsel for the state in their arguments went outside of the evidence, and made an improper appeal to the prejudices of the jury. We think there is but slight foundation for this claim; certainly not enough to justify any interference with the verdict. As to some of the matters complained of, the comments of counsel were legitimate and proper. Thus, one of the counsel in his argument said, "Why did not the defendant put doctors and medical experts on the stand to prove his insanity?" It may be remarked here that the fact of the killing seems not to have

been questioned, and the burden of defense was insanity. Now we think it perfectly competent for counsel to comment on the absence of testimony which would be of a special value upon the question in issue. The omissions of defendant are oftentimes as significant as anything he may say or do, and counsel certainly have a right to refer to such omissions.

V. The wife of the defendant was a witness against him. She was present in the house at the time of the killing, and immediately ran away and gave the alarm. Counsel in closing for the state used this language: "It is my opinion that Mrs. Yordi appears here to testify only because she escaped from the window—and *escaped* is the word to use, for I think it was the intention of Yordi to kill her also." Now there was enough in the testimony to justify this expression of opinion on the part of counsel. It was his conclusion from the facts, as testified to, and not a statement of matters outside the case. Perhaps the language attributed to counsel opening for the state, that "public sentiment is against him, he has no friends," etc., is objectionable and ought not to have been indulged in. Yet no objection was made at the time, no suggestion to the court to correct counsel or correct any impression which might be made thereby upon the jury, by suitable instructions. The first time the matter was called to the attention of the court was on the motion for a new trial, on which motion a dispute arose as to the language used, and the language in the record is according to the certificate of the court given as the substance of the remarks claimed to have been objectionable. We cannot think there is enough in this to justify us in disturbing the conviction and ordering a new trial, especially when we take into account the strength of the testimony offered against the defendant. (*Winter v. Sass*, 19 Kas. 557; *The State v. Comstock*, 20 id. 650; *The State v. Gutekunst*, 24 id. 252.)

VI. The only other error alleged is in the refusal to grant a new trial on account of the misconduct of one of the jury in listening to statements outside of the jury box, concerning the past life of defendant. We think the ruling of the court

15—30 KAS.

was unquestionably correct, for two or three reasons: First, it is very doubtful whether as a matter of fact the juror heard the remarks alleged to have been made. Second, it is very clear that he was not around seeking to converse with or hear people talk about the case, and if a juror during the recesses of the court should accidentally overhear a remark prejudicial to the defendant, it would not be of itself ordinarily sufficient to justify a setting aside of the verdict. Third, the remark does not appear to have been made by any person interested in the prosecution or in securing the conviction of the defendant. Fourth, there is very little reason to suppose that it made the slightest impression on the juror even, if he heard it.

We have thus noticed all the points made by counsel. We see no error in the rulings of the district court; and upon the the testimony, the verdict is unquestionably proper.

The judgment will be affirmed.

All the Justices concurring.