Woods v. Hamilton.

JOHN G. WOODS v. M. L. HAMILTON *et al.*

1. ACTION FOR MONEY; *Demand, When Not Necessary.* Where money is sent by G. to W., with instructions to pay the same over to the bank on a note due by G. & H., but W. fails to pay the same over to the bank as directed, and suit is brought on the note against G. & H. by the bank, and where on said trial W. claims that he paid said money to the bank as directed, and refuses to pay the same, *held*, in an action by G. & H. against W. to recover such money, no demand is necessary to be alleged in the bill of particulars.

2. MONEY; *Payment in Dispute; Testimony of Cashier; Admissible Evidence.* Where it is claimed that certain money has been paid into a bank for the benefit of another, but such payment is in dispute, and the testimony of the person who acted as cashier and book-keeper of the bank is admitted, showing that he made all the entries of money received at the bank and had made an examination of the

bank books, and that the books showed no such payment, *held*, not error.

3. ERROR, *Cured by Instructions and Verdict.* Where the court permits incompetent testimony to go to the jury, but afterward directs the jury to disregard such evidence, and the jury return a verdict in accordance with said instructions, *held*, that generally the error in the admission of the evidence is cured by the instructions and verdict.

*Error from Sumner District Court.*

ACTION brought by *Hamilton & Gormly* against *Woods,* to recover $112.25, which plaintiffs alleged was paid to the defendant under the following circumstances: Plaintiffs had executed a note for the sum of $217.15, due May 1, 1884; said note before due became the property of the Moline Plow Company, and was by that company placed with the Wellington National Bank for collection. Before the maturity of the note, M. L. Hamilton, one of the plaintiffs, sent the defendant $112.40, directing that the same be paid on said note, which was by defendant received, duly paid, and indorsed on the note. Afterward, and on May 7, 1884, the plaintiff John M. Gormly sent to defendant by express $112.25, with a letter of instructions directing the money to be paid on said note and the note to be returned to him, which money was received by defendant and appropriated to his own use. Afterward suit was brought against plaintiffs on said note for $112.25 and interest, and judgment was rendered against them for that sum. Defendant claimed to the plaintiffs that the money so received by him was by him paid over to the Wellington National Bank to be applied on said note, and refused to again pay the amount to the Wellington bank or to plaintiffs. The question in controversy was, whether the defendant had paid the Wellington bank the money so received by him from plaintiffs. July 17, 1886, judgment was rendered for the plaintiffs for $112.25, with interest at 7 per cent. Defendant brings the case here.

*Isaac G. Reed,* for plaintiff in error.

Opinion by CLOGSTON, C.: The errors complained of are, first, that the bill of particulars failed to show or state that a

demand was made on the defendant. for the money claimed before the commencement of the action; second, that the action was improperly brought in the name of the firm of Hamilton & Gormly; third, that the court permitted evidence to be given to the jury of the amount of the judgment, costs and attorney's fees paid by plaintiffs in a suit by the Moline Plow Company against them; fourth, the cashier of the Wellington National Bank was permitted to testify to his examination of the bank's books, and to give the result of that examination. We think none of these objections are well taken. It is true that the bill of particulars did not show that a demand had been made upon the defendant before bringing the action, but it did show a state of facts which, in our judgment, made a demand unnecessary; and if a demand was necessary, then the defect was cured by the evidence. The defendant admitted in his examination that a demand had been made upon him, and that he refused to pay the money a second time.

We think the action was properly brought in the name of the firm. The note was a firm note; the judgment was paid by the firm. It is true Mr. Gormly testified that the money now sought to be recovered was sent by him to Woods, but that he sent it for and on behalf of the firm. It was immaterial to the defendant whether this money was the individual money of the plaintiff Gormly, or partnership funds; it was sent to him on account of the firm, to be used in the firm's business, and to pay an indebtedness of the firm; and now the firm seeks to recover that payment.

The court improperly permitted the plaintiffs to show the amount of costs and attorney's fees paid by them in the case of the plow company against them. None of these items were proper elements of damage in connection with this action, and the court so instructed the jury, and all such evidence was thereby taken from them, and the jury returned a verdict for the amount that was admitted to have been received by defendant, with interest at 7 per cent. The verdict being correct, the error in the admission of testimony was immaterial.

H. E. Frantz was called as a witness on behalf of the plaintiffs, and testified that he was cashier of the Wellington National Bank; that at the time of the alleged payment of money by Woods to said bank on behalf of the plaintiffs he was a book-keeper in said bank and made all the entries of money received in the books of the bank, and that at the time of said alleged transaction he was requested to make an examination of the books to ascertain whether such a sum had been paid in by Woods for the plaintiffs. He was then asked: "What was the result of your examination?" *Ans.:* "I found that no such amount had been paid in at that time, nor at any time, by Judge Woods." Witness was also asked whether he made an examination of the books of the bank at that time to see whether or not there was an amount of money paid in about that time which had not been credited to any source. He was then asked: "What was the result of your examination?" *Ans.:* "There was no money over in our cash at that time." These questions were objected to by defendant, and the objection was overruled by the court. It was in the testimony of H. E. Frantz, who was cashier of the Wellington National Bank at the time of this alleged payment by the defendant to said bank, that the defendant made the request that the books of the bank be examined to ascertain whether or not he had paid that sum into the bank, and was informed of that examination. Perhaps this evidence was not very material; in any event its admission could work no great hardship to the defendant. It was not proving the contents of the books of the bank, but simply the evidence of the book-keeper who kept the books and who made the examination, that the books failed to show certain facts, and that no entry of that kind was to be found upon the books. We think no material error was committed in the admission of this testimony.

It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.