WILLIAM GULLIFORD V. E. F. McQUILLEN.

No. 14,834    (89 Pac. 927.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Letters between a Party and a Stranger—Relevancy—Secondary Evidence.* Where the contents of a letter written by a party to the action to a third party and of a letter of the third party to him are each entirely irrelevant to any issue in the case on trial, except that they tend to prove that the party to the suit was negotiating a trade which was afterward consummated, the letters are both competent evidence for that purpose, and may be introduced in evidence by reading the same; or if one be lost it is no abuse of discretion if the court allows a witness to testify to the receipt of the letter and to its purport or contents.

2. —————— *Wife of a Party as a Witness—Agency Not Shown.* Where in a civil action the wife of one of the parties is produced as a witness on behalf of her husband to prove an admission by the adverse party that money paid by the husband to him was all that was due, it is not a sufficient showing to render the wife competent as such witness that she wrote the receipt for the money paid and usually did her husband's writing and sometimes did other business for him. In such a case, to render her competent by reason of acting as the agent of her husband, it must appear that she was in fact engaged in the settlement of the accounts between her husband and the adverse party and that she had general or special authority from her husband, either express or implied, so to do.

3. PRACTICE, DISTRICT COURT—*Impeaching Testimony Withdrawn before Rebuttal—Instructions.* Where on the trial of a civil action one party introduces evidence tending to impeach the character for veracity of the other party, and the party sought to be impeached thereupon requests and the court allows a delay in the trial to enable the impeached party to obtain witnesses in rebuttal of such impeachment, and thereupon the other party, to save time, withdraws the impeaching evidence and the court orally instructs the jury to disregard such evidence, it is not error for the court to revoke the order for delay and at once to proceed with the trial. Nor is it reversible error for the court thereafter to omit, in its written instructions to the jury, to repeat the instruction to disregard the impeaching evidence, no request therefor being made.

Gulliford v. McQuillen.

Error from Chase district court; FREDERICK A. MECKEL, judge. Opinion filed April 6, 1907. Affirmed.

*W. H. Carpenter,* for plaintiff in error.
*Madden & Doolittle,* for defendant in error.

The opinion of the court was delivered by

SMITH, J.: Gulliford became the owner of a mill, and not being himself a miller employed McQuillen to operate it. Not long thereafter the two had a conversation or conversations in regard to selling or trading the mill, in which, according to McQuillen's testimony, Gulliford agreed to pay him a commission of two per cent. if he could dispose of the mill for $18,000. Gulliford testified that McQuillen asked a commission but he expressly refused to pay it. An exchange was finally effected, with one McClintock, of the mill and $2000 for a drugstore and dwelling properties, in which the mill was accepted at the value of $18,000. McQuillen thereafter demanded of Gulliford $360 as his commission on the deal, which was refused. He then brought suit and recovered judgment for the amount claimed, and Gulliford brings the case here.

On the trial, after testifying as a witness in his own behalf as to the verbal contract with Gulliford, McQuillen identified a letter which he claimed to have received from McClintock and which was introduced in evidence over the objection of Gulliford. This is assigned as error. The contents of the letter did not relate to any fact in the case, except that they evidenced the pendency of negotiations between McQuillen and McClintock for the exchange of the mill property. It was competent for this purpose.

The second contention is that the court erred in allowing McClintock to testify to the contents of a letter from McQuillen to him. A fair showing of the loss of the letter had been made. The contents of this letter were also immaterial, except as tending to prove the continued effort of McQuillen to consummate the trade.

The fact of McQuillen's writing the letter on that subject, and not what he wrote, was all that was pertinent, and, in the discretion of the court, this might have been testified to without the production or attempt to produce the letter.

Again, it is urged that the court erred in excluding the offered testimony of Mary Gulliford, the wife of the defendant, to the effect that when she wrote and had McQuillen sign a receipt for his wages as miller she asked him if that was all that was due him and he said it was. There was no evidence that she was her husband's general agent to settle his accounts with others or that she was directed or authorized to make settlement with McQuillen. Mr. Gulliford paid McQuillen his wages and Mrs. Gulliford wrote the receipt. She generally did her husband's writing, and did some other business for him, the nature of which is not disclosed. This is not such a showing of agency as to the subject-matter of the conversation as removes the statutory disqualification of the witness.

We have considered all the other assignments of error and do not find them meritorious. The plaintiff offered evidence tending to impeach the defendant's reputation for truth and veracity, and thereupon the defendant asked a postponement of the trial to enable him to secure the attendance of witnesses in rebuttal thereof, which request the court granted. The plaintiff immediately withdrew all the impeaching evidence, and the court instructed the jury to disregard such evidence and proceeded with the trial. There is no showing that plaintiff's attorney made any reference to this evidence in his argument nor was there any reference to it in the instructions complained of. These instructions were general and were such as are usually given in relation to the weight of the evidence and the credibility of witnesses. No request for an instruction in writing on this subject was made.

It is further urged that the court erred in omitting

Gulliford v. McQuillen.

to instruct the jury that the burden was upon the plaintiff to prove that the consideration received for the mill was $18,000. The court did instruct the jury that the burden of proof was upon the plaintiff to sustain his claim, and also stated in detail that he claimed to have disposed of the mill at a consideration of $18,000 and that by agreement he was to have a commission of two per cent. thereon. If the defendant wished any further instruction he should have requested it, which he did not. There seems to be little merit in this contention, as the defendant himself testified that the drug-store was rated in the trade at $15,000, the dwelling at $5000, and that he paid $2000 boot between these properties and the mill.

The issue in this case was principally one of fact as to whether there was a contract for a commission of two per cent. The evidence was sufficient to sustain a verdict for either party on that issue. There appears to have been a fair trial, and the jury saw fit to give credence to the evidence of the plaintiff, which it was within their province to do.

The judgment is affirmed.

JOHNSTON, C. J., GREENE, BURCH, MASON, GRAVES, JJ., concurring.

PORTER, J. (dissenting) : The whole case turned upon the credibility of the testimony of plaintiff and defendant. Plaintiff had the burden and testified one way; defendant contradicted him. Plaintiff produced a number of witnesses who testified that defendant's reputation for truthfulness in the neighborhood where he lived was bad. In order to rebut this, defendant required time to procure the attendance of witnesses from his neighborhood, and the court, recognizing the reasonableness of his request, granted a postponement until next morning. Plaintiff then offered to withdraw the impeaching testimony, which the court, over the objection of defendant, permitted, and proceeded with the trial. It is true that the jury were instructed to

disregard the impeaching testimony, but the fact remained that several witnesses had sworn that defendant's reputation was such that he was not entitled to credit, and it is not likely that the jury could or did entirely disregard it.

If the practice indulged in here is proper, I am unable to see why a party may not in any case offer impeaching testimony and withdraw it before the party impeached has offered his rebuttal, and thus prevent rebuttal testimony. It may be said that it can be left to the discretion of the trial court; but in view of the situation presented by the record here, and the particular circumstances of this case, I think the action of the court was an abuse of discretion which prevented defendant from having a fair trial, and that the judgment should be reversed and a new trial ordered.