## Turner's Administrator v. Ward, et al.

(Decided December 7, 1923.)

## Appeal from Anderson Circuit Court.

1. Pleading—Answer Held Not to Present Inconsistent Defenses.— A paragraph in answer that ten $300.00 notes were executed in lieu of a $3,000.00 purchase-lien note sued on under an agreement, whereby they were to be canceled upon death of grantor, was not inconsistent with another paragraph that the grantor in his lifetime made a gift of them to the defendants.

2. Pleading—Defenses Inconsistent, When.—Two defenses are inconsistent only when both cannot be true.

3. Pleading—Answer Alleging Payment Held Sufficiently Definite.— An allegation in an action that the whole of the indebtedness alleged in the petition had been fully paid was a statement of fact that, if true, constituted a complete defense, and the court did not err in refusing to require the defendants to make it more specific.

4. Payment—Denial of Nonpayment and Averment of Payment Tendered Complete Defenses.—A paragraph denying alleged nonpayment stated the same defense as another paragraph averring payment of the sums sued for, and stated either way alleged a complete defense.

5. Vendor and Purchaser—Paragraphs Alleging Substitution of Obligations and Gift of Notes Held to State Defenses.—In an action by administrator to recover alleged balance due on purchase price of land, a paragraph of answer alleging that defendants agreed to pay decedent grantor $300.00 a year for ten years without interest, in lieu of $3,000.00 due in six months with interest, for which ten notes of $300.00 each were executed and delivered, and that they were to furnish board and room for grantor, etc., and if he lived more than ten years to pay him $100.00 a year so long as he lived beyond that time, but, if he died sooner, such of the $300.00 notes as had not been paid were to be canceled, and a paragraph alleging a gift to defendants of all of the $300.00 notes a short time before grantor's death, held to state valid defenses to a portion of the sum sued for.

6. Witnesses—Depositions Concerning Transactions with Decedent Admissible in Rebuttal.—After administrator and several parties interested in the estate of decedent had given their depositions for the plaintiff administrator, depositions of defendants as to transactions with the decedent in rebuttal of plaintiff's evidence with reference to such transactions were admissible, under Civil Code of Practice, section 606.

7. Trial—Though Party May Not Testify for Himself in Chief After Taking Other Testimony, Testimony in Rebuttal Not Admissible.— Civil Code of Practice, section 606, subsection 3, providing that a party may not testify for himself in chief after taking other testimony for himself in chief did not preclude defendants from testifying in rebuttal to testimony offered by plaintiff.

8. Witnesses—Testimony as to Circumstances Under which Attorney Drew Contract for Decedent and Mental Condition Admissible.— An attorney for decedent could testify as to the circumstances un- der which he drew a contract for decedent and as to the mental condition of the decedent at the time, such testimony not concern- ing communications made to him in his professional character.

9. Contracts—Mental Incompetency and Undue Influence Not Shown by Occasional Excessive Drinking.—Evidence that contracting party drank so excessively as to render him incompetent at times to transact business does not show incompetency or undue influence at the time of the contract involved, in the absence of showing that he was then under the influence of intoxicants.

WILL D. JESSE, E. M. WALLACE and F. R. FELAND for ap- pellant.

L. H. CARTER and WILKES & MORGAN for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

A. H. Turner, a widower without living issue, owned a farm of 76 acres, upon which he resided alone. In September, 1915, appellees, Floyd Ward and his wife, became his tenants and moved into his home, where they remained under several different arrangements until his death in February, 1919. On April 12, 1916, he sold and conveyed to them 18 acres of his farm for $1,800.00, and on May 23rd, 1917, conveyed to them the remaining 58 acres for $6,000.00. A purchase money lien was retained on the 18-acre tract for $500.00, and on the 58-acre tract for $3,000.00, both of which Turner released of record as fully paid on September 4, 1917.

After Turner's death, his administrator instituted this action against appellees, alleging that no part of the $7,800.00 which they had agreed to pay for the two tracts of land had been paid, except $3,000.00 of the purchase price for the 58-acre tract, and seeking a judgment for $1,800.00 and $3,000.00, with liens upon the land and en- forcement thereof.

The defendants filed answer in four paragraphs. The first traverses the allegations of nonpayment, indebted- ness, and the like; the second paragraph pleads affirma- tively the payment in full of the purchase price for both tracts; the third paragraph alleges that, after the execu- tion of the second deed in which a lien was retained for $3,000.00, they and decedent entered into a written con- tract, therewith exhibited, the salient features of which

are, that they agreed to pay him $300.00 a year for ten years without interest in lieu of the $3,000.00 in six months with interest, for which ten notes of $300.00 each were executed and delivered; that they were to furnish board and room for decedent, pasture, provender, and stable room for his horse, cow and four hogs, and a garden as long as he lived; and that if he lived more than ten years, they were to pay him $100.00 a year so long as he lived beyond that time, but if he died sooner, such of the $300.00 notes as had not been paid were to be canceled. The fourth paragraph pleads a gift to appellees of all the $300.00 notes a short time before his death.

A reply denied the alleged gift, and averred mental incapacity and undue influence in avoidance of the contract set up in the third paragraph of the answer, which was traversed by rejoinder. Proof was taken, and the cause submitted, resulting in a judgment dismissing the petition.

The grounds assigned for reversal are, that the court erred in overruling (1) a motion to elect, (2) a motion to make more specific, (3) a demurrer to the answer and each paragraph thereof, (4) exceptions to depositions, and that (5) the evidence does not sustain the judgment.

In support of the first contention, it is urged that the third and fourth paragraphs of the answer present inconsistent defenses. If this is true, the court erred in overruling the motion, but we are unable to see any inconsistency in the two pleas. The one is that the ten $300.00 notes, executed in lieu of the $3,000.00 purchase lien note on the 58-acre tract, were canceled by contract upon the death of Turner; the other that Turner, in his lifetime, gave them to the defendants.

The Code gives a defendant the right to rely upon as many defenses to a single cause of action as he may have, provided they are not inconsistent with each other, and if they were inconsistent simply because either was a complete defense, the Code provision would be a nullity, since a defendant would always have to elect which of two defenses he would rely upon. But two defenses are inconsistent only when both cannot be true, which obviously is not the case here, since, even though the notes under a contract were to be canceled by the death of Turner, he nevertheless, during his lifetime, could have given them to the defendants.

Plaintiff's second contention, that the court erred in refusing to require the defendants to make the second paragraph of their answer more specific, is likewise without merit, since it was alleged therein that the whole of the indebtedness alleged in the petition had been fully paid, which is a statement of fact that, if true, constituted a complete defense to the action. It is not suggested how the plea could have been made more specific and certain without pleading the evidence by which it would be sustained, and this of course was not necessary.

The first and second paragraphs of the answer are in effect the same defense differently stated, the one a denial of the alleged nonpayment, the other an averment of payment of the sums sued for, and stated either way, tendered a complete defense to the entire action, while the third and fourth paragraphs plead facts which constitute valid defenses to a portion thereof. Counsel for plaintiff do not point out, and we are unable to discover, wherein any of the paragraphs is defective, hence the contention that the court erred in overruling the demurrers thereto can not be sustained.

It is insisted that the court erred in overruling exceptions to the entire depositions of the appellees, Mr. and Mrs. Ward, under the provisions of section 606 of the Code, (1) because they were not competent witnesses for themselves to prove the transactions with decedent Turner, and (2) because they had already taken other depositions in their behalf.

These depositions, however, were not given by the defendants until after the administrator and several parties interested in the estate of the decedent had given their depositions for plaintiff with reference to the transactions about which defendants in their depositions testified. Under such circumstances, by express provision of another portion of section 606 of the Code, so much of their testimony as was in rebuttal of plaintiff's evidence with reference to such transactions with decedent was competent. McHarry v. Irvin's Exor., 85 Ky. 322, 3 S. W. 374, 4 S. W. 800; Kuhn v. Kuhn, 69 S. W. 1077; Carpenter v. Rice, 78 S. W. 458; Schmute, Holton & Co. v. Sweeney, 136 Ky. 773, 125 S. W. 180.

Nor were defendants precluded from testifying in rebuttal of testimony offered by the plaintiff by reason of subsection 3 of section 606, which only provides that a party may not testify for himself in chief after taking

other testimony for himself in chief. The court therefore did not err in overruling the exceptions to these depositions as a whole, and no complaint is made of the ruling upon exceptions to any part thereof.

It is also insisted that the court erred in overruling exceptions to the deposition of W. B. Morgan, who was attorney for the decedent during his lifetime, but the Code only provides that an attorney shall not testify concerning communications made to him in his professional character by his client, or his advice thereon, without the client's consent. This witness did not testify with reference to any such matter, but only as to the circumstances under which he drew the contract for decedent—which is set out in the third paragraph of the answer—and as to the mental condition of the decedent at the time. Upon such matters an attorney is a competent witness, either for or against his client, as this court often has held. Bronston's Admr. v. Bronston's Heirs, 141 Ky. 639, 133 S. W. 584; Wicks, et al v. Dean, et al., 103 Ky. 69, 44 S. W. 397.

With reference to the final contention, that the judgment is not supported by the evidence, little need be said. Except upon the questions of mental capacity and undue influence, there is no substantial conflict in the evidence, and while there is much evidence to the effect that decedent drank so excessively as to render him incompetent at times to transact businses, there is no evidence that he transacted any of the business involved here when he was under the influence of intoxicants, and the trades he made with the defendants are sufficient evidence of his ability, upon those occasions, to take care of himself and fully protect his own interests.

There is no claim that he did not get for his land all that it was worth when he sold each parcel, and these sales are not attacked; nor is there any contradiction of the proof that defendants paid him all of the $1,800.00 for the first tract, and paid him $3,000.00 on the second. The only thing he surrendered in the trade he made with defendants in the payment of the $3,000.00 due him on the second tract was the interest on same, together with any part of the principal that might be due him if he died within the ten-year period provided for its payments in installments.

In consideration therefor, he assured himself a home and board for life, and not only the full payment of his

indebtedness against defendants without interest if he should live ten years, but an annuity of $100.00 a year thereafter so long as he might live. At the time he was 65 years of age, with an expectancy of more than 12 years, and the contract which he had his own attorney prepare, when defendants were not present and at a time when he was sober and in full possession of all of his faculties, is of itself, we think, sufficient proof not only of mental capacity, but that he was not unduly influenced in making the contract by the defendants.

Since, by the terms of this contract, the unpaid $300.00 notes were canceled by his death, we need not discuss the evidence which we think supports the alleged gift of the same notes to defendants by the decedent a few days before his death.

Wherefore, the judgment is affirmed.