[Civ. No. 5957.   Third Appellate District.—June 6, 1938.]

RAYMOND G. WEBSTER, Appellant, v. FRANK WILL-
IAM FREEMAN, as Executor, etc., Respondent.

Erling S. Norby and A. B. Reynolds for Appellant.

Manwell, Sperbeck & Manwell for Respondent.

PULLEN, P. J.—This action was originally filed by plaintiff against William Freeman on a claim for wages.

The original complaint was in three counts, the first count being for services rendered by plaintiff to defendant between 1918 and 1934 or 70 months at $100 a month, and alleged no part of the $7,000 had been paid. The second count was based on an open book account for services in the sum of $7,000, and the third cause of action was based upon an agreement whereby plaintiff undertook the care and management of defendant's farming interests, and was to receive $100 a month, together with his living and traveling expenses; that plaintiff, relying upon the honesty and integrity of defendant, kept no books, but defendant did keep accurate books and plaintiff asked for an accounting between himself and defendant.

Defendant demurred, and the first cause of action was dismissed as barred by the statute of limitations. In the answer the allegations of the second count were denied, and as to the third count defendant replied as follows:

''Answering the allegations of plaintiff's third cause of action defendant admits that plaintiff went to work for defendant on or about the 1st day of October, 1918, for $100.00 per month, and that he continued his employment up until the first day of May, 1934, but defendant denied that he owes said plaintiff any sum of Seven Thousand Dollars ($7,000.00) or any portion thereof but said defendant alleges that he has paid to and for the use and benefit of this plaintiff from the 23rd day of August, 1918, up to and including the 28th day of April, 1934, the total sum of Eleven Thousand Four Hundred Fifty-five and 07/100 Dol-

lars ($11,455.07), in lawful money of the United States of America.''

It is the contention of appellant that by this answer defendant admitted an unpaid balance of $7,244.93, being the difference between the amount claimed by plaintiff and that defendant admits having been paid.

After this case was at issue, but before trial, William Freeman died, and an amended and supplemental complaint was filed. The supplemental complaint set up the death of Freeman and the appointment of Frank William Freeman as executor, and the amendment set up a cause of action in one count based upon an open, mutual and current account. The amended answer to this amended and supplemental complaint pleaded the statute of limitations, denied the material allegations of the amended complaint and set up a counterclaim for credits and cash advancements of a sum in excess of $21,000. The trial court found that the counterclaim offset the amount owing to plaintiff, and entered judgment accordingly.

Upon this appeal appellant contends respondent is bound by the allegations in his original answer which he contends admits wages due to plaintiff in excess of $7,000.

There is no doubt that where a complaint contains allegations of fact which are admitted by the answer, no issue is raised as to those facts. (*Beatty* v. *Pacific States S. & L. Co.,* 4 Cal. App. (2d) 692 [41 Pac. (2d) 378].) But where the original pleading is amended we must then rely upon that pleading. The purpose of allowing an amendment is to correct errors and omissions on the part of the pleader. So, too, permission to file an amendment after a cause is at issue rests in the discretion of the court, and here the amended answer recites that after leave of court first obtained the amendment was filed. Amendments being largely within the discretion of the trial court, an abuse of that discretion must be shown before this court can act. No such showing is here made. Also if plaintiff wished to oppose the filing of an amended answer by defendant such objection should have been made at the time of filing and not raised after an adverse judgment had been entered. Also we cannot say from a reading of the allegations in the original complaint and the answer that the answer distinctly and unqualifiedly admits an indebtedness of $7,000. Respondent contends the

answer denies, and that the pleader intended to deny that there was any amount due and owing to plaintiff, and that he had paid over and above any amount claimed by plaintiff to be due, in excess of $11,000. In any event the trial court permitted the amended answer to be filed, and the cause was tried upon the issues thus framed.

Section 1880, subdivision 3, of the Code of Civil Procedure provides that a party to an action against an executor upon a claim against the estate of a deceased person cannot be a witness as to any matter or fact occurring before the death of such deceased person.

Appellant recognizes the limitations set forth in section 1880 of the Code of Civil Procedure, but contends that he should not have been precluded from offering testimony in rebuttal, after the executor had pleaded a counterclaim and presented evidence and proof thereon.

Respondent attempts to point out various ways in which the rule as contended for by appellant would jeopardize the estate of a deceased person and how it would be left defenseless if the doors were open to permit a cross-defendant to testify as to facts occurring before the death of the deceased, but we can only interpret the statute as it is written, and this statute is to be strictly construed. (*Myers* v. *Reinstein*, 67 Cal. 89 [7 Pac. 192].)

Respondent also contends the particular claim in the instant case was merely a defensive pleading and not for affirmative relief. We are compelled to the conclusion, however, that the counterclaim in so far as it was effective at all was an action by the executor against Webster, and in such cases the limitations of section 1880 of the Code of Civil Procedure do not apply.

In *McGeorge* v. *McManus*, 27 Cal. App. 414 [150 Pac. 73], the automobiles of McGeorge and McManus collided. McGeorge sued McManus for damages to his car. Pending the suit McManus died and his personal representatives were substituted as defendants. In addition to their answer denying the allegations of the complaint defendants filed a counterclaim alleging that the collision was caused by the negligence of plaintiff. Upon appeal error was predicated upon the fact that the court permitted plaintiff to testify to matters occurring before the death of McManus. The court there found that matters concerning which defendant testified had

not been offered in support of the cross-complaint, as at the time the testimony was received no evidence had been yet introduced in support of the counterclaim. However, the court stated in answer to an attack upon the ruling permitting this testimony:

"Respondent insists, however, that the statute does not apply to a case where the action is brought by the personal representatives of a deceased person to recover upon facts which occurred prior to the death of the testator, and that, inasmuch as defendants filed a counter-claim asking for affirmative action, such fact rendered the testimony of plaintiff competent. In *Sedgwick* v. *Sedgwick*, 52 Cal. 336, it is held that where an action is brought by an executrix upon a demand not against, but in favor of the estate, the defendant, though a party to the transaction had with the deceased, is, nevertheless, a competent witness in his own behalf in defending the action."

Appellant also cites Jones on Evidence, volume 5, and various authorities from other states, as *Warten* v. *Black,* 195 Ala. 93 [70 So. 758]; *Spencer* v. *Potter's Estate,* 85 Vt. 1 [80 Atl. 821]; *Gilfillan* v. *Gilfillin's Estate,* 90 Vt. 94 [96 Atl. 704]; *Janes* v. *Felton,* 99 W. Va. 407 [129 S. E. 482]; *Marshall* v. *Campbell,* (Tex. Civ. App.) 212 S. W. 723; *Wallace* v. *Wallace,* 101 Kan. 32 [165 Pac. 838]; *Turner's Admr.* v. *Ward,* 201 Ky. 295 [256 S. W. 389]; *Kauffman* v. *Logan,* 187 Iowa, 670 [174 N. W. 366]."

However, these latter authorities from sister states are not of particular assistance as the statutes upon which they are based differ in each instance in some particular from the statutes of California.

In view of the holding in *Sedgwick* v. *Sedgwick,* 52 Cal. 336, an analysis of the statute itself leads us to the conclusion that the court erred in restricting the testimony offered by plaintiff in answer to the facts adduced under the counterclaim, and for that reason a new trial should be granted.

The judgment is reversed, and the cause remanded.

Thompson, J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 5, 1938.