WISTER BEASLEY, PLAINTIFF-APPELLANT, v. IRENE R. T. GOTTLIEB, DEFENDANT-RESPONDENT.

Argued January 16, 1945—Decided April 25, 1945.

Before Justices PARKER and COLIE.

For the appellant, *Rothbard, Greenstone, Harris & Talisman* (*Samuel L. Rothbard,* of counsel).

For the respondent, *George R. Sommer.*

The opinion of the court was delivered by

COLIE, J.   Plaintiff, a tenant, sued the defendant landlord to recover the sum of $100.   The suit was grounded upon the provisions of 50 *U. S. C. A. App.,* § 925 (e), commonly known as the "Emergency Price Control Act," which, though since amended, then read (56 *Stat.* 33):

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action for $50 or treble the amount by

which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. For the purposes of this section, the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying and selling of a commodity, as the case may be. If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection, the Administrator may bring such action under this subsection on behalf of the United States. Any suit or action under this subsection may be brought in any court of competent jurisdiction, and shall be instituted within one year after delivery is completed or rent paid. The provisions of this subsection shall not take effect until after the expiration of six months from the date of enactment of this act."

In pursuance of his duty, the administrator, Mr. Leon Henderson, formulated "Maximum Rent Regulation No. 28." The effect of the regulation was to fix the maximum rental for the premises here involved at $25 per month. The defendant-landlord, however, rented the premises to the plaintiff-tenant at $28 per month and the latter rental was received by her for the months of July and August, 1942. This was clearly an overcharge to the extent of $6 for the two months involved. However, it is undisputed that the $6 overcharge was refunded to the tenant prior to the commencement of the present suit. The District Court Judge in this situation of the evidence entered a judgment of nonsuit and the present appeal is from that judgment.

The question for decision is whether the repayment by the landlord of the overpayments of rent is a defense to a subsequent action by the tenant to recover the sum of $50 for each overpayment, together with reasonable attorney's fees and costs. There is no reported decision upon this point in New Jersey but we are impressed with the logic and reasoning of the opinion in *Zwang* v. *A. & P. Food Stores, 46 N. Y. Supp. (2d Series)* 747. In that case it was said:

"It is not a defense * * * that before the commencement of the civil action, the defendant, when its attention

was called to the improper charge, offered to return to the consumer the excess above the ceiling price.  *  *  *  Congress had to consider moreover, to what extent good faith or mistake would be a defense to any proceeding brought to enforce the statute.  It made a distinction in this respect between civil suits and criminal prosecution.  Section 205 (e) 50 *U. S. C. A. Appendix* 925 (e) dealing with civil suits, by its very terms is not limited to cases of willful or intentional violation.  The excessive charge, of itself, furnishes ground for civil redress irrespective of the motive or intent of the offender.  On the other hand in section 205 (b) of the act, dealing with criminal prosecutions, specific requirement is made that the violation must be willful or intentional.  It clearly appears, therefore, that Congress intended to impose civil liability upon violators, regardless of good faith or mistake.  So far as civil liability is concerned, Congress did not intend to place upon plaintiffs seeking redress, the burden of litigating the good faith of fraud violators; so to have done, would have discouraged or rendered ineffective the aid of consumers in enforcing the statute.

"These views find support in the cases directly arising under the act we are here considering: *Brown* v. *Hecht Co., App. D. C.* 137 *Fed. Rep.* (2d) 689; *Bowles* v. *American Stores, Inc., App. D. C.* 139 *Fed. Rep.* (2d) 377.  These views moreover are reflected in decisions dealing with similar situations arising under analogous statutes.  Under the Fair Labor Standards Act, 29 *U. S. C. A.,* §§ 201, *et seq.,* in *Missel* v. *Overnight Transportation,* 4 *Cir.,* 126 *Fed. Rep.* (2d) 98; *affirmed,* 316 *U. S.* 572; 62 *S. Ct.* 1262; 86 *L. Ed.* 1682; *Emerson* v. *Mary Lincoln Candies, Inc.,* 173 *Misc.* 531; 17 *N. Y. S.* (2d) 851, and 174 *Misc.* 353; 20 *N. Y. S.* (2d) 570; *affirmed,* 261 *App. Div.* 879; 26 *N. Y. S.* (2d) 489; *affirmed,* 287 *N. Y.* 577; 38 *N. E. Rep.* (2d) 234; *Feeley* v. *United States,* 8 *Cir.,* 236 *Fed. Rep.* 903—violation of federal statutes prohibiting sale of intoxicates to Indians. *United States* v. *Balint,* 258 *U. S.* 250; 42 *S. Ct.* 301; 66 *L. Ed.* 604—lack of *scienter* no defense to an action for violation of the Federal Narcotic Act, 26 *U. S. C. A., Int. Rev. Code,* §§ 2550, *et seq.,* 3220, *et seq.; Armour Packing Co.* v.

*United States,* 209 *U. S.* 56; 28 *S. Ct.* 428; 52 *L. Ed.* 681— good faith no defense to a suit for penalties arising out of carrier's exaction of illegal shipping rules."

"* * * It follows from the foregoing that once the violation has taken place, the consumer-purchaser's right of action for treble damages or for the sum of $50 (whichever is greater) accrues and that no subsequent tender of the excess price affects the right to institute the action and to recover thereunder."

For the reasons stated the judgment is reversed and remanded to the court below to be dealt with in accordance herewith.