### BOWLES v. MURRAY.
Civ. A. No. 29670.

District Court of the United States for the District of Columbia.

Oct. 24, 1946.

Francis Key Murray, of Baltimore, Md., for plaintiff, for the motion.

Leon A. Ransom, of Columbus, Ohio, and Austin L. Fickling, of Washington, D. C., for defendant, opposed.

HOLTZOFF, Associate Justice.

This is an action by the Administrator of the Office of Price Administration for treble damages for violation of a maximum price regulation.

Section 205(e) of the Emergency Price Control Act[1] authorizes a person who is injured by the violation of a maximum price or rent regulation to bring suit on account of the overcharge. It is further provided that, in such suit, the amount recovered shall be not more than three times the amount of the overcharge. The Administrator is permitted to institute such an action only in the event that the injured party either fails to invoke his remedy within 30 days from the date of the violation or is not entitled for any reason to bring suit.

It appears that in this case there was an overcharge in excess of a maximum rent ceiling. No action was maintained by the injured party to recover damages. In an action brought by the landlord against the injured party, however, in a Magistrate's Court in Maryland, on a claim for unpaid rent, the defendant interposed a set-off or counterclaim for the amount of the overcharge. The set-off was allowed.

It seems to the Court that under the statute it is immaterial whether the claim on the part of the injured party is interposed by way of an affirmative suit or by way of a counterclaim or set-off.[2] The intent of the Act is, as the Court understands it, to permit the Administrator to bring suit for treble damages against a violator of the Act if the injured party fails to take any action. It obviously was not the purpose of Congress to permit two actions to be brought against the same violator in respect of the same violation, one by the injured party and the other by the Administrator. It seems to me that the purpose of the Congress has been achieved and the object of the legislation has been fulfilled when in an action brought against him, the injured party successfully interposes a counterclaim for the amount of the overcharge.

The Court is not unmindful of the decision in Beasley v. Gottlieb, 132 N.J.L. 603, 42 A.2d 305, on which the plaintiff relies, but in that case there was a voluntary refund and the Court held that by accepting a voluntary refund the injured party was not barred from suing for a penalty. That case is not in point. In the instant case, the injured party would be barred from suing for a penalty because the judgment on the counterclaim completely disposes of his rights. The Administrator, however, is not permitted by the statute to bring suit unless the injured party fails to assert his rights. This the injured party has done.

The complaint will be dismissed on the merits.

---

[1] U.S.C.A., Title 50 Appendix, § 925(e).

[2] The term "action" has been at times construed to include a counterclaim. Webster v. Freeman, 27 Cal.App.2d 5, 80 P.2d 497; Hart's Appeal, 32 Conn. 520; Twist v. Colonial Trust Co., 53 Okl. 800, 806, 158 P. 938.